**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Juan Gabriel Hermosillo-Barajas, | Case No.: 2:26-cv-00274-JAD-DJA |
| Petitioner | **Order Granting IFP Application, Granting Motion for Appointment of Counsel, Directing Service of the Petition, and Setting Briefing Schedule** |
| v. | |
| Pamela Bondi, et al., | |
| Respondents | [ECF Nos. 1, 2] |

Pro se Petitioner Juan Gabriel Hermosillo-Barajas, an immigration detainee who is challenging the lawfulness of his federal detention at Nevada Southern Detention Center, has submitted for filing a petition for writ of habeas corpus challenging the lawfulness of his detention,[1] along with an application to proceed *in forma pauperis*[2] and a motion for appointment of counsel.[3]  The information provided in the application to proceed *in forma pauperis* indicates that Hermosillo-Barajas is unable to pay the filing fee for this action, so I grant him leave to proceed without paying the filing fee.  I also find that appointment of counsel in this case is in the interest of justice.[4]  And having conducted a preliminary review of the habeas petition, I direct that the petition be served on the respondents and order the respondents to file a response.

---

[1] ECF No. 1-1.

[2] ECF No. 1.

[3] ECF No. 2.

[4] Prisoners applying for habeas corpus relief are entitled to appointed counsel when the circumstances indicate that appointed counsel is necessary to prevent due-process violations. *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986) (citing *Kreiling v. Field*, 431 F.2d 638, 640 (9th Cir. 1970) (per curiam)).  Indeed, the court may appoint counsel at any stage of the proceedings if the interests of justice so require.  *See* 18 U.S.C. § 3006A; *see also* Rule 8(c), Rules Governing § 2254 Cases; *Chaney*, 801 F.2d at 1196.

IT IS THEREFORE ORDERED that that the petitioner's application to proceed *in forma pauperis* **[ECF No. 1] is GRANTED**.  Petitioner is granted leave of court to proceed in forma pauperis and will not be required to pay the filing fee for this action.

IT IS FURTHER ORDERED that the petitioner's motion for appointment of counsel **[ECF No. 2] is GRANTED**.  **The Federal Public Defender for the District of Nevada (FPD) is appointed to represent the petitioner** and is directed to file a notice of appearance (or indicate their inability to represent the petitioner) within 7 days of the date of this order.  If the FPD is unable to represent the petitioner because of a conflict of interest or for any other reason, alternate counsel will be appointed.  Appointed counsel will represent the petitioner in all federal proceedings related to this matter, including any appeals or certiorari proceedings, unless allowed to withdraw.

IT IS FURTHER ORDERED that if the FPD files a notice of appearance in this matter, it will then have 14 days from the date of entry of this order to file an amended petition for writ of habeas corpus.  The amended petition must name all proper respondents, and the FPD must effectuate service of the amended petition on those respondents.

IT IS FURTHER ORDERED that the Clerk of Court is directed to:

1. **SEPARATELY FILE** the Petition for Writ of Habeas Corpus (ECF No. 1-1).
2. **ELECTRONICALLY SERVE** upon the FPD a copy of this order and a copy of the petition for writ of habeas corpus (ECF No. 1-1).
3. **DELIVER** a copy of the petition for writ of habeas corpus (ECF No. 1-1) and this order to the U.S. Marshal for service.
4. **ADD** the United States Attorney for the District of Nevada to the docket as an interested party.

5.    **SEND**, through CM/ECF, a copy of the Petition (ECF No. 1-1) and this order to the United States Attorney's Office for the District of Nevada at sigal.Chattah@usdoj.gov, summer.johnson@usdoj.gov, veronica.criste@usdoj.gov, and caseview.ecf@usdoj.gov, in accordance with FRCP 5(b)(2)(E).

6.    **MAIL** a copy of the Petition (ECF No. 1-1) and this order under Rule 4(i)(2) of the Federal Rules of Civil Procedure (FRCP) to:

1)    Pamela J. Bondi, Attorney General of the United States, 950 Pennsylvania Avenue, NW, Washington, DC, 20530

2)    Kristi Noem, Secretary, United States Department of Homeland Security, 245 Murray Lane SW, Washington, DC 20528

3)    Michael Bernacke, ICE Field Office Director, Salt Lake City Field Office, 2975 Decker Lake Drive Suite 100, West Valley City, UT 84119-6096

4)    Todd Lyons, Acting Director, Immigration and Customs Enforcement, 500 12th Street, SW, Washington, DC 20536

5)    John Mattos, Warden, Nevada Southern Detention Center, 2190 E. Mesquite Ave. Pahrump, NV 89060

IT IS FURTHER ORDERED that **the U.S. Marshal is directed to SERVE** a copy of the Petition (ECF No. 1-1) and this order on the United States Attorney for the District of Nevada or on an Assistant United States Attorney or clerical employee designated by the United States Attorney in accordance with FRCP 4(i)(1)(A)(i).

IT IS FURTHER ORDERED that counsel for the respondents must file a notice of appearance within 7 days of the date of this order and file and serve their response to the petition within 14 days of the date of this order, unless additional time is allowed for good cause shown.

The respondents must file any documents referenced or relied upon in their responsive pleading with that pleading.[5]  Petitioner will then have 7 days to file a reply.

IT IS FURTHER ORDERED that the parties must meet and confer regarding any requests for an extension of deadlines and stipulate to the extension if possible.  Any motion for extension must certify efforts taken to meet and confer and indicate the opposing party's position regarding the extension.  Any motion or stipulation must comply with FRCP 6(b) and Local Rules IA 6-1, 6-2.

IT IS FURTHER ORDERED that **the respondents must not transfer the petitioner out of this district,**[6] **with the exception of effectuating the petitioner's lawful deportation**.

_____
U.S. District Judge Jennifer A. Dorsey
February 6, 2026

---

[5] *See Harris v. Nelson*, 394 U.S. 286, 290 (1969) (holding that "a district court, confronted by a petition for habeas corpus which establishes a prima facie case for relief, may use or authorize the use of suitable discovery procedures . . . reasonably fashioned to elicit facts necessary to help the court to 'dispose of the matter as law a justice require.'" (citing 28 U.S.C. § 2243)).

[6] *See F.T.C. v. Dean Foods Co.*, 384 U.S. 597, 604 (1966) (noting the court may use its "express authority under the All Writs Act to issue such temporary injunctions as may be necessary to protect its own jurisdiction").

4