**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Juan Gabriel Hermosillo-Barajas,

      Petitioner

v.

John Mattos, et al.,

      Respondents

Case No.: 2:26-cv-00274-JAD-DJA

**Order Denying Motion For Return to the United States and to Compel Compliance with the Court's Order Granting Habeas Corpus**

[ECF No. 21]

On May 18, 2026, I granted petitioner Juan Gabriel Hermosillo-Barajas's counseled amended habeas petition and ordered his immediate release, finding that the respondents were unlawfully detaining him without the opportunity to seek bond.[1]  But on May 19, 2026, the respondents filed a notice of removal, representing that Hermosillo-Barajas was removed to Mexico three days before my habeas order was filed.[2]  Hermosillo-Barajas now moves, on a pro se basis, for his return to the United States and for an order compelling the respondents to comply with my habeas order.[3]  He contends that the respondents wrongfully deported him without first giving him notice of the Ninth Circuit's April 28, 2026, order denying his motion to stay removal.  He also implies that he should not have been removed while he was actively litigating his habeas claims.[4]

Hermosillo-Barajas has not shown that he is entitled to the relief he seeks.  The Ninth Circuit denied his motion to stay removal, so any appellate impediment to his deportation was

---

[1] ECF No. 19.

[2] ECF No. 20.

[3] ECF No 21.

[4] *Id.*

lifted in late April.[5]  And filing a habeas petition in this court does not stay removal.  Indeed, this court specifically permitted the respondents to effectuate Hermosillo-Barajas's lawful removal during this habeas proceeding.[6]  It appears that Hermosillo-Barajas's removal to Mexico—the country listed on his removal order—was lawful.[7]  And nothing in the court's habeas order prevented the respondents from carrying out his deportation.  It merely found that Hermosillo-Barajas couldn't be detained without bond while his removal proceedings were pending.[8]  Because his proceedings reached the point in which the respondents had the authority to remove him, the court's habeas order is not a barrier to that removal.  So I deny Hermosillo-Barajas's motion.

**Conclusion**

IT IS THEREFORE ORDERED that Juan Gabriel Hermosillo-Barajas's motion for return to the United States and to compel compliance with the court's order granting habeas relief **[ECF No. 21] is DENIED**.

The Clerk of Court is directed to **SEND a courtesy copy of this order** to Petitioner Hermosillo-Barajas at the address provided on his most recent pro se motion:

> c/o Beyker Eduardo Zabaleta Ballera
> 667 W. 177th St., Apt. 67
> New York, NY 10033

_____
U.S. District Judge Jennifer A. Dorsey
June 16, 2026

---

[5] *See* Dkt. 25 in *Hermosillo-Barajas v. Bondi*, Case No. 25-8047 (9th Cir. Apr. 28, 2026).

[6] ECF No. 4 at 4.

[7] ECF No. 14-4 at 5.

[8] *See* ECF No. 19.